**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No.:  16-0073 (RC) |
| : | |
| TYRONE WRIGHT, : | Re Document Nos.:   7, 8 |
| : | |
| Defendant. : | |

**MEMORANDUM OPINION**

**DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS;
DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF THE GRAND JURY
PROCEEDINGS AND GRAND JURY TRANSCRIPTS**

**I.  INTRODUCTION**

Defendant Tyrone Wright is charged with three counts of bank robbery in violation of Title 18, U.S.C. § 2113(a). The Government alleges that Mr. Wright committed three bank robberies over a two-day period—a Premier Bank, twice, and a TD Bank, once. Mr. Wright moves for assorted information about the grand jury proceeding that resulted in the indictment. *See* Mot. Compel Disc. Disclosure Grand Jury Pro. & Grand Jury Trs., ECF No. 8 (Def.'s Mot. Compel). The Government has opposed this motion. *See* Gov.'s Opp'n Def.'s Mot. Compel Disc. Disclosure Grand Jury Pro. & Grand Jury Trs., ECF No. 11 (Opp'n Compel). Mr. Wright has not replied to the Government's opposition, and given that the time permitted for a reply by the Local Rules has now passed, the matter is ripe for resolution by this Court. *See* LCrR 47(d) (requiring that a reply memorandum be filed within seven days of the service of the memorandum in opposition).

For the following reasons, the Court denies Mr. Wright's motion to compel production. Although the Court does not decide the entirety of Mr. Wright's separate motion to suppress

evidence and statements, ECF No. 7, and its supplement, ECF No. 28, the Court does deny Mr. Wright's request for subpoenas embedded in his motion to suppress.

## II. BACKGROUND

An initial indictment was filed on April 26, 2016, charging Mr. Wright with one count of bank robbery in violation of 18 U.S.C. § 2231(a). 1st Indictment, ECF No. 3. That indictment described a robbery from a Premier Bank on April 20, 2016, and read that Mr. Wright "by force, violence and intimidation *did attempt* to take from the person and presence of another, money . . ." 1st Indictment (emphasis added). Several months later, on July 21, 2016, a superseding indictment was filed charging Mr. Wright with three counts of bank robbery. 2d Indictment, ECF No. 9. The superseding indictment included the April 20, 2016 robbery of the Premier Bank, and also included a robbery of the Premier Bank and a TD bank on April 21, 2016. 2d Indictment. The language of the superseding indictment stated that Mr. Wright "by force, violence and intimidation *did take* from the person and presence of another, money . . ." for each count. 2d Indictment (emphasis added).

## III. ANALYSIS

### A. Motion to Compel Disclosure

Mr. Wright seeks several disclosures of information related to the grand jury process that indicted him. He requests the date the grand jury was discharged, the grand jury transcript, "including the concurrence form but excluding deliberation session," and for the court to "consider dismissal of [the] indictment due to selective and vindictive prosecution" if the Government "cannot provide above information or documents." Def.'s Mot. Compel at 4–5.

First, the Government has indicated that it has already provided, subject to a protective order, grand jury disclosures to Mr. Wright. The Government indicates that it provided the transcript of the FBI special agent and an officer without any redactions. 2d Discovery Letter, ECF No. 26-1. The Government also provided grand jury transcripts of two bank tellers with their names and dates of birth redacted. 2d Discovery Letter. The Government also provided grand jury transcripts of another witness with the name, date of birth, position, and branch location of the witness redacted. 1st Discovery Letter. The Government also provided grand jury exhibits with the same personal information redacted. 1st Discovery Letter. Because the Government has already provided extensive discovery about the grand jury in this case, the Court finds it likely that Mr. Wright's request for grand jury information is moot.

Out of an abundance of caution, the Court considers Mr. Wright's request to the extent that it seeks information not yet disclosed by the Government. Although grand jury proceedings are usually kept secret, "[t]he court may authorize disclosure . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Pro. 6(e)(3)(E). In this circuit, a defendant must show a "particularized need" for disclosure. *United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007). *See also Ridings v. Dep't of Justice*, 38 Fed. App'x 20, 21, 2002 WL 1359490, *1 (D.C. Cir. 2002) (per curiam) (holding that the defendant's request for disclosure "fails because [the defendant] did not make a 'showing of particularized need' for disclosure of the grand jury transcripts" (internal citations omitted)). This particularized need requires a "factual basis"— "conclusory or speculative allegations of misconduct" do not suffice. *Naegele*, 474 F. Supp. 2d at 10. The threshold for such a showing is very demanding, and the disclosure of grand jury information is "exceedingly rare." *United States v. Naegele*, 474 F. Supp. 2d 9, 11 (D.D.C.

2007). The court in *Naegele* found such a rare circumstance existed when the defendant could identify an exhibit which was presented to the grand jury with particular pages missing. *Id.* at 10–11.

In support of his need for disclosure, Mr. Wright points to three "flaws" in the indictment. Before addressing these flaws, the Court considers the effect of the superseding indictment. Mr. Wright's motion was filed on July 20, 2016, Def.'s Mot. Compel, and thus refers to flaws in the initial indictment, 1st Indictment, ECF No. 3. The superseding indictment was filed on July 21, 2016—the day after Mr. Wright's motion. 2d Indictment, ECF No. 9. Mr. Wright has not renewed or updated his motion since the superseding indictment was filed, and Mr. Wright's concerns are thus moot to the extent that they are corrected in the superseding indictment. However, keeping in mind *pro se* filings are "held to 'less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court addresses Mr. Wright's concerns to the extent that they also apply to the superseding indictment.[1] The Court thus turns to Mr. Wright's three objections to the indictment.

First, Mr. Wright notes that the face of the indictment states that the grand jury was sworn in on May 5, 2015. Def.'s Mot. Compel at 2. *See* 1st Indictment. The superseding indictment also states that the grand jury was sworn in on May 5. 2015. 2d Indictment. According to Mr. Wright, "traditionally [the] grand jury [is] sworn . . . after [the] offense date of [the] allege[d] crime." Def.'s Mot. Compel at 2. However, this is not correct. The Court agrees with the Government, which notes that grand juries generally serve eighteen-month terms. Opp'n

---

[1] Because the Court concludes that disclosure is not necessary, the Court does not reach the question of whether Mr. Wright's motion would suffice as a request for disclosures surrounding the superseding indictment process rather than the initial indictment process.

Compel ¶ 5; *see also* Fed. R. Crim. Pro. 6(g) ("A grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service."). The grand jury at issue here was sworn in in May of 2015. Eighteen months after May 2015 runs until November of 2016. It thus is completely logical that the same grand jury that was sworn in during May of 2015 could issue indictments in April of 2016 (when the first indictment in this case was issued), and in July of 2016 (when the superseding indictment in this case was issued). The Court thus concludes that the date it was sworn in is not a flaw that shows a particularized need for disclosures about the grand jury process or justifies dismissing the indictment.

      Second, Mr. Wright challenges the indictment for stating that the defendant "did attempt to take . . . money" in Count 1. Def.'s Mot. Compel at 2–3. According to Mr. Wright, the language of "attempt" contradicts the forfeiture allegation. Def.'s Mot. Compel at 2–3. However, even if this was a problem, the superseding indictment removes the attempt language. The superseding indictment states for each of the three counts that the defendant "did take . . . money." 2d Indictment. The Court finds that this objection is moot because the superseding indictment would correct any issue with the attempt language. *See, e.g.*, *United States v. Wilson*, 26 F.3d 142, 152 (D.C. Cir. 1994) (supporting the view that a prosecutor may "seek[] a superseding indictment in order to cure procedural defects of the first one"); *United States v. Kanchanalak*, 37 F. Supp. 2d 1, 3 (D.D.C. 1999) (finding that "the government can easily correct this defect by asking the grand jury to return a second superseding indictment containing the correct language" when the initial indictment did not match the text of the statute).

      Third, Mr. Wright notes that the "[i]ndictment charging the defendant is lacking [the] foreperson or deputy foreperson's signature." Def.'s Mot. Compel at 3. The versions of both the

initial and superseding indictments that appear on ECF lack the signature of the foreperson. 1st Indictment; 2d Indictment. According to the Federal Rules of Criminal Procedure, an indictment should be signed by the foreperson. Fed. R. Crim. Pro. 6(c). However, the Court has examined the copy of the superseding indictment on file with the Court, and verified that it is signed by both the United States Attorney and the foreperson. This issue is thus moot. *See also* Opp'n Compel ¶ 7 (asserting that "the original indictments in this matter that are on file with the Court bear the proper signatures").[2]

None of Mr. Wright's claims would justify dismissing the indictment, and thus none satisfy the standard for requiring production of grand jury information. The Court has exhaustively considered Mr. Wright's arguments, concluded that they do not prevail, and denies his motion to compel grand jury disclosures or dismiss the indictment.

### B.  Request for Subpoenas

Mr. Wright separately filed a motion to suppress evidence. Def.'s Mot. Suppress Evidence & Statements (Def.'s Mot. Suppress), ECF No. 7. That motion included a request for subpoenas, Def.'s Mot. Suppress at 6, which the Court denies. The rest of that motion will be

---

[2] Even if the superseding indictment was missing the signature of the foreperson Mr. Wright would not be entitled to grand jury disclosures. The "failure of [the] grand jury foreperson to sign [the] indictment is [a] mere technical deficiency that would not entitle [a] defendant [to] relief." Def.'s Mot. Compel at 3 (citing *United States v. Willaman*, 437 F.3d 354, 359 (3d Cir. 2006)). Indeed, many cases support the view that an indictment is valid without the signature of the foreperson. *See, e.g.*, *United States v. Perholtz*, 622 F. Supp. 1253, 1262 (D.D.C. 1985) ("Consequently, the foreman's duty to sign the indictment is a formality and the absence of the foreman's signature on an indictment properly voted by the grand jury is a mere technical irregularity." (citing *Hobby v. United States*, 468 U.S. 339 (1984) and *Frisbie v. United States*, 157 U.S. 160, 163–165 (1895)); Advisory Committee Notes to Fed. R. Crim. Pro. 6(c)(1) (1944) ("Failure of the foreman to sign or endorse the indictment is an irregularity and is not fatal.").

This means that a missing foreperson's signature is only a technical flaw and cannot justify dismissing the indictment—or, therefore disclosing grand jury information. *See* Fed. R. Crim. Pro. 6(e)(3)(E).

considered by the Court in the future. Mr. Wright requested subpoenas to provide audio and video recordings of the interior and exterior of the library, footage from the arresting officers' body cameras, and footage of his interview at the police station. Def.'s Mot. Suppress at 6. The Court notes that the Government has already provided Mr. Wright with body camera footage from several officers. *See* 2d Discovery Letter, ECF No. 26-1. The Court thus assumes that Mr. Wright has received the materials he sought and denies this motion as moot. If Mr. Wright believes relevant evidence exists that has not been turned over to him in discovery he can renew his motion.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Wright's motion to compel disclosure of the grand jury proceedings and grand jury transcript is **DENIED** and Mr. Wright's motion to suppress evidence and statements is **DENIED IN PART**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  January 13, 2017                                                                                  RUDOLPH CONTRERAS
                                                                                                          United States District Judge